1  L. Edward Humphrey, Esq. – NSB 9066
   Patrick O'Rourke, Esq. – NSB 13557
2  **HUMPHREY LAW PLLC**
3  201 W. Liberty Street, Suite 350
   Reno, Nevada 89501
4  Tel: (775) 420-3500
   Fax: (775) 683-9917
5  ed@hlawnv.com
   patrick@hlawnv.com
6  *Attorneys for TICO Construction Company Inc*

7              **UNITED STATES BANKRUPTCY COURT**

8                    **DISTRICT OF NEVADA**

9  In Re:                              Case No:  BK-21-50147-btb
                                       Chapter 13
10 JASON PHILIP POWELL,

11            Debtor.

12 ─────────────────────────

13 TICO CONSTRUCTION COMPANY           Adv. Case No.:
   INC, a Nevada Corporation,
14                                     **COMPLAINT FOR OBJECTION TO
                                       DEBTOR'S DISCHARGE AND**
15                                     **DISCHARGEABILITY UNDER
                  Plaintiff,           SECTIONS 523 OF THE BANKRUPTCY**
16                                     **CODE**
   v.
17
   JASON PHILIP POWELL, an individual,
18
                  Defendant.
19

20         Plaintiff-Creditor TICO CONSTRUCTION COMPANY INC, a Nevada corporation

21 ("TICO" or "Plaintiff") as and for its Complaint against Defendant-Debtor, JASON PHILIP

22 POWELL ("Debtor" or "Powell" or "Defendant"), respectfully alleges:

23                              **JURISDICTION**

24         1.       On March 1, 2021, the Debtor filed a voluntary petition ("Petition") for relief

25 under Chapter 13 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the

26 United States Bankruptcy Court for the District of Nevada, Case No. BK-21-50147-BTB (the

27 "Bankruptcy Case").

28         2.       The Debtor filed his Bankruptcy Schedules and Statement of Financial Affairs

on March 15, 2021.  *See* ECF No. 14 (respectively, the "Schedules" and "SOFA").[1]

3.    The Debtor's meeting of creditors under Section 341(a) of the Bankruptcy Code commenced on April 14, 2021 [*See* ECF No. 6] and was continued to June 2, 2021 at 9:30 a.m. *See* ECF Nos. 5 and 21.

4.    As of the date of this Complaint, the Debtor has not been granted a discharge.

5.    This is a core adversary proceeding in which Plaintiff is objecting to the Debtor's discharge and dischargeability of certain debts under Section 523 of the Bankruptcy Code.  *See* 28 U.S.C. § 157(b)(2)(I).

6.    The Court has jurisdiction under 28 U.S.C. § 1334 and Bankruptcy Code § 523.

## PARTIES

7.    TICO is a Nevada corporation and is a creditor in Debtor's Bankruptcy Case.

8.    Powell is the Debtor in the Bankruptcy Case.

9.    Debtor's Bankruptcy Schedules indicate the Debtor resides in Washoe County, Nevada, at 136 Juanita Drive # 27, Incline Village, Nevada 89451 ("Juanita Residence").

## GENERAL ALLEGATIONS

10.    On May 9, 2000, TICO filed a civil Complaint in the Second Judicial District Court, Washoe County, Nevada ("State Court") against Powell and Genseven Development and Construction, a Nevada limited liability company ("Genseven"), commencing Case No. CV08-01202 ("State Court Action").  A copy of TICO's Complaint in the State Court Action is attached as **Exhibit 1** ("State Court Complaint").

11.    As set out in the State Court Complaint, TICO employed Powell as a Senior Project Manager under a written contract ("Employment Agreement").  *See* State Court Complaint at ¶ 9.

12.    Powell's Employment Agreement contained non-compete and non-disclosure

_____

[1] References to "ECF No." are to the Docket entries in the Bankruptcy Case.

covenants.  *See* State Court Complaint at ¶¶ 10-12.

13.    As a result of Powell's position as TICO's Senior Project Manager, Powell was provided with information regarding TICO's business practices, management, finances, employees, contract negotiations, bids, and contract proposals.  *See* State Court Complaint at ¶ 14.

14.    On or about January 25, 2008, Powell advised TICO he was resigning from TICO to become a full partner at Genseven.  *See* State Court Complaint at ¶ 25.

15.    Prior to resigning at TICO, Powell formed and/or materially participated in the formation of Genseven.  *See* State Court Complaint at ¶¶ 22, 23.

16.    As alleged in the State Court Complaint, Powell misappropriated TICO's trade secrets and effectively stole or embezzled work and/or information belonging to TICO and used it for his own and Genseven's benefit.  *See* State Court Complaint at ¶¶ 18-25, 29-42, 47-52, 56-60, 63-72, 75-81, 84-88, 91-97, 100-106, 109-111.

17.    Powell's misconduct was specifically related to a construction project to build an office building for Signature Landscaping (the "Signature Landscaping Project").

18.    On July 21, 2008, the State Court entered an *Order* referring TICO's claims against Powell to binding arbitration, with the State Court retaining TICO's claims against Genseven.

19.    On August 14, 2008, TICO filed a TICO's *Motion for Default Judgment and Attorney's Fees and Costs Pursuant to Nev. R. Civ. P. 37* ("Motion for Sanctions"), seeking case ending sanctions against Genseven based on Genseven's and Powell's discovery abuses—specifically the failure to disclose crucial documentary evidence related to the Signature Landscaping Project (which TICO uncovered by way of third-party subpoena).

20.    On September 29, 2009, the State Court entered an *Order* granting TICO's Sanction's Motion.  The State Court entered a default judgment against Genseven, finding Genseven "employed abusive litigation practices when it withheld correspondence which was specifically requested by Plaintiff during discovery."

3

21.     On January 13, 2010, the State Court entered a *Judgment* against Genseven awarding TICO damages of $215,149.86, plus an additional $75,907.82 in attorney's fees and costs (the "Genseven Judgment").

22.     On April 28, 2010, a *Satisfaction of Judgment* was entered in the State Court Action indicating Genseven satisfied the Genseven Judgment by way of payment of $75,000.

23.     On June 21, 2010, the arbitration proceeding against Powell came on for hearing ("Arbitration Hearing") before the arbitrator, Robert Ezenberger ("Arbitrator").

24.     After hearing the evidence presented during the Arbitration Hearing, the Arbitrator entered its *Arbitrator's Award* against Powell finding, "[b]ased on the evidence presented at the arbitration hearing concerning the cause of action for breach of contract, the arbitrator finds in favor of TICO Construction Company, Inc. and against Jason Powell, and awards damages in the amount of $215,140,86 plus reasonable attorney's fees and costs incurred in connection with this arbitration proceeding, pursuant to the employment contract entered into between the parties."

25.     On July 23, 2010, the State Court entered a *Judgment on Arbitrator's Award* in favor of TICO and against Powell for $215,629.86, plus post-judgment interest at the statutory rate ("Powell Judgment"), which TICO recorded in the Office of the Washoe County Recorder on September 24, 2010, as DOC # 3926035, creating a judgment lien on all of Powell's property in Washoe County, Nevada.  *See* **Exhibit 2**.

26.     On July 19, 2020, TICO renewed the Powell Judgment by filing an *Affidavit of Renewal of Judgment Pursuant to NRS § 17.214* (the "Powell Judgment Renewal"), which TICO recorded in the Office of the Washoe County Recorder on July 20, 2020, as DOC # 4611760.  *See* **Exhibit 3**.

27.     On April 13, 2021, TICO filed POC 8-1 in the Bankruptcy Case, asserting a secured claim (i.e., judgment lien) against Powell's bankruptcy estate in the amount of $364,066.51 ("TICO Proof of Claim").

28.     TICO's claim is secured in whole or in part by any non-exempt equity in the

4

Juanita Drive Property (as well as Powell's non-exempt interest in any other real property located in Washoe County) after satisfaction of any purchase money deed of trust, if any. *See* NRS 107.026; *see also* NRS 17.150(2); 11 U.S.C. § 522(p)(1).

**FIRST CAUSE OF ACTION - 11 U.S.C. § 523(a)(4)**

29.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

30.    Powell either:  (a) acted in a fiduciary capacity as TICO's Senior Project Manager and the Employment Agreement and/or Nevada's Uniform Trade Secrets Act [NRS 600A.010, et. seq.] created trust like obligations that Powell violated by committing fraud and/or defalcation in connection with the Signature Landscaping Project; (b) embezzled and/or misappropriated TICO's confidential information and/or trade secrets in connection with the Signature Landscaping Project because he was in rightful possession of this information as a non-owner, appropriated this information for a purpose other than for which Powell was entrusted, and there are circumstances (such as concealment and deception) indicating fraud; and/or (c) Powell committed common law larceny of TICO's confidential and/or trade secret information in connection with the Signature Landscaping Project.

31.    Powell's conduct in connection with the Signature Landscaping Project, including as alleged in the State Court Complaint and shown during the Arbitration Hearing, renders the Powell Judgment, Powell Judgment Renewal, and/or TICO Proof of Claim nondischargeable  under 11 U.S.C. § 523(a)(4).

**SECOND CAUSE OF ACTION – 11 U.S.C. § 523(a)(6)**

32.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

33.    Powell's conduct in connection with the Signature Landscaping Project, which formed the basis of the State Court Complaint and ultimately lead to the Powell Judgment, was willful and malicious.  In this, Powell either had a subject motive to inflict injury upon TICO, or Powell believed, knew, or reasonably should have known that an injury to TICO was substantially certain to result from Powell's conduct.

34.    In addition to the Signature Landscaping Project, Powell inflicted independent

willful and malicious injuries upon TICO by way of the following (individually and collectively, the "Pre-Petition Date Transfers"):  (a) one or more pre-Petition Date transfers made by the Powell to Melissa Hooven (aka Melissa Powell) under an ostensible marital settlement agreement and/or divorce decree entered in Case No. 2020-DI-00264, Ninth Judicial District Court, Douglas County, Nevada; (b) a pre-Petition Date transfer of real property occurring on or about November 1, 2017, transferring Debtor's ownership interest in APN 1320-33-816-044 in Douglas County, Nevada to Melissa L. Hooven (aka Melissa L. Powell), via a Grant, Bargain, and Sale Deed recorded in the Douglas County Recorder's Office on November 2, 2017, as document 2017-906435; (c) a pre-petition transfer of real property occurring on or about June 11, 2019, transferring Debtor's ownership interest in APN 1320-32-133-004 in Douglas County, Nevada to Melissa L. Powell (aka Melissa Hooven), via a Grant, Bargain, and Sale Deed recorded in the Douglas County Recorder's Office on June 19, 2019, as document 2019-930620.  Powell accomplished each of the foregoing acts with either a subject motive to inflict injury on TICO, or Powell believed, knew, or reasonably should have known that an injury to TICO was substantially certain to result from Powell's conduct.

35.     In the event Debtor's Bankruptcy Case proceeds under a Chapter of the Bankruptcy Code other than Chapter 13 or if Debtor seeks a hardship discharge under Section 1328(b) of the Bankruptcy Code,  the Debtor's conduct in connection with the Signature Landscaping Project and/or Pre-Petition Date Transfers render the Powell Judgment, Powell Judgment Renewal, and/or TICO Proof of Claim nondischargeable under 11 U.S.C. § 523(a)(6).

**RELIEF REQUESTED**

WHEREFORE, TICO requests Judgment against the Debtor as follows:

A.     Adjudging that Powell's debt to TICO evidenced by the Powell Judgment, Powell Judgment Renewal, and TICO Proof of Claim is nondischargeable in bankruptcy, pursuant to §§ 523(a)(4) and/or (a)(6) of the Bankruptcy Code;

B.     Awarding TICO its attorney's fees, costs, and expenses incurred in this action pursuant to the Employment Agreement or as otherwise permissible under law [*see Cohen v. De*

1    *La Cruz,* 523 U.S. 213, 118 S.Ct. 1212 (1998); *Travelers Cas. and Sur. Co. of America v.*

2    *Pacific Gas and Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199 (2007)]; and

3         C.      For such other and further relief as the Court deems just and proper.

4         DATED:  April 19, 2021.

5                                            **HUMPHREY LAW PLLC**

6
                                             **By:** /s/ *L. Edward Humphrey*
7                                                L. Edward Humphrey, Esq.
                                                 Patrick O'Rourke, Esq.
8                                                *Attorneys for TICO Construction*
                                                 *Company Inc*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT LIST**

| Exhibit No. | Description | Pages (incl. Cover Sheet) |
|---|---|---|
| 1 | Complaint, filed May 9, 2000 in Case No. CV08-01202 | 18 |
| 2 | Judgment on Arbitrator's Award, entered July 23, 2010 in Case No. CV08-01202; Recorded with Washoe County Recorder on September 24, 2010 as DOC # 3926035 | 10 |
| 3 | Affidavit of Renewal of Judgment Pursuant to NRS § 17.214, filed July 19, 2016 in Case No. CV08-01202; Recorded with Washoe County Recorder on July 20, 2016 as DOC # 4611760 | 17 |

# EXHIBIT 1

# EXHIBIT 1

$1425
JOHN K. GALLAGHER, ESQ.
Nevada State Bar No. 000956
BRIAN J. SAEMAN, ESQ.
Nevada State Bar No. 007892
GUILD, RUSSELL, GALLAGHER
 & FULLER, LTD.
100 W. Liberty St., Ste. 800
P.O. Box 2838
Reno, NV 89505
(775) 786-2366
Attorneys for Plaintiff TICO Construction
 Company Inc.

FILED

2000 MAY -9 AM 9: 32

HOWARD W. CONYERS

BY _____ DEPUTY

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

TICO CONSTRUCTION COMPANY INC.,
a Nevada corporation,

  Plaintiff,

vs.

GENSEVEN DEVELOPMENT AND
CONSTRUCTION, a Nevada limited liability
company; JASON POWELL, an individual; and
DOES I through X, inclusive,

  Defendants.

Case No. CV08 01202

Dept. No. 1

**COMPLAINT**

COMES NOW, TICO CONSTRUCTION COMPANY INC., a Nevada corporation (hereinafter "TICO"), by and through its attorneys of record, John K. Gallagher, Esq., of Guild, Russell, Gallagher & Fuller, Ltd., and as for its Complaint against GENSEVEN DEVELOPMENT AND CONSTRUCTION, a Nevada limited liability company (hereinafter "Genseven"); JASON POWELL, an individual (hereinafter "Powell"), and DOES I through X, inclusive, alleges as follows:

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P.O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

## GENERAL ALLEGATIONS

1. Plaintiff TICO is, and at all times relevant hereto was, a Nevada corporation, and maintains its principal place of business in Washoe County, State of Nevada.

2. TICO is, and at all times relevant hereto was, a duly licensed contractor in good standing in the State of Nevada, and is engaged in the business of a general contractor.

3. Jason Powell is, and at all times relevant hereto was, an individual residing in Washoe County, State of Nevada.

4. Upon information and belief, Defendant Genseven is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Nevada, owned and/or managed by Jason Powell, Ryan Hornback and Frank Terrasas, and maintains its principal place of business in Washoe County, State of Nevada.

5. Upon information and belief, on March 20, 2008, Genseven became a duly licensed general contractor in the State of Nevada.

6. The true names and capacities of the Defendants named herein as DOES I through X, inclusive, whether individual, corporate, associate, agent, representative or otherwise, are presently unknown to TICO, who therefore sues the said Defendants by such fictitious names; and when the true names and capacities of DOES I through X, inclusive, are discovered, TICO will seek leave to amend this Complaint to substitute the true names and identities of the said Defendants. TICO is informed, believes and, therefore, alleges, that the Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

////

////

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

2

7. Upon information and belief, TICO alleges that all Defendants were at all times herein mentioned, and now are, the agents and employees of all of the other Defendants and were at all times herein mentioned, and now are, acting within the course of said agency and employment.

8. DOES I through X, inclusive, are liable to TICO as hereinafter set forth.

9. On May 21, 2007, TICO and Powell entered into an Employment Agreement (hereinafter "Agreement"), whereby Powell accepted employment as Senior Project Manager for TICO.

10. Under the Agreement, Powell agreed that he would be responsible for soliciting, estimating and managing construction contracts and supervision of all employees and subcontractors involved in the execution of said construction contracts. Powell also agreed that he would be responsible for the recruiting of employees, and for participating in creating and implementing a strategy to ensure the efficiency and profitability of the Company.

11. Under the Agreement, Powell agreed that he would not, directly or indirectly, engage in any other business or professional occupation for compensation or otherwise would conflict with his agreed upon duties under the Agreement without prior written consent of the Board of Directors of TICO, which consent was at TICO's sole discretion.

12. Under the Agreement, Powell agreed to "treat as confidential all data and information furnished by TICO or its agents or representatives as confidential and proprietary," and that he would not "divulge such information to third parties without the prior written consent of TICO." Powell acknowledged that he did not take any proprietary information or material from any previous employer for use at TICO.

13. In return for Powell's performance, TICO agreed to pay Powell the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00) per year. Powell was also permitted to share in the annual

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

3

profits of TICO, as to be provided in a separate Stock Purchase and Shareholder Agreement. Powell was provided a vehicle allowance, mobile telephone and computer for the conduct of TICO business.

14.     In this position as Senior Project manager for TICO, Powell was provided with information regarding TICO's business practices, management, finances, employees, contract negotiations, bids and contract proposals.

15.     In September 2007, Alexander V. Hose, President of TICO, became aware that Lebo Newman, the owner of Signature Landscaping, a landscaping design firm in Reno, was considering the construction of a new office building.

16.     Mr. Hose discussed with Powell the Signature Landscaping construction project, and developed a strategy by which TICO would bid on the project and obtain the construction contract.

17.     Powell and another TICO representative met with Lebo Newman in September 2007, at which time TICO submitted an informal proposal to Signature Landscaping for its consideration.

18.     Throughout September 2007 to January 2008, Powell communicated with Mr. Newman regarding Signature Landscaping's construction project. Powell was the only TICO representative communicating and negotiating with Signature Landscaping during this period.

19.     TICO believed that Powell was negotiating with Signature Landscaping for the purpose of bidding on the construction project. Mr. Hose repeatedly inquired with Powell regarding the status of the Signature Landscaping project.

20.     Upon information and belief, Powell was withholding information from TICO regarding the status of the Signature Landscaping construction project and the time frame for submitting bids and constructions proposals.

/ / / /

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

4

21.    Upon information and belief, at sometime during September through December 2007, and continuing through January to April 2008, Powell began to negotiate on his personal behalf, and against the interests of TICO, in order to obtain the Signature Landscaping construction project. During the course of the negotiation, Powell was in possession of and had knowledge regarding TICO's business practices, management, finances, employees, contract negotiations, bids, and contract proposals.

22.    Upon information and belief, Powell was communicating with the other members and/or managers of Genseven regarding the Signature Landscaping construction project, and decided to form Genseven for the purpose of bidding on said construction project against TICO.

23.    Upon information and belief, Genseven was formed with the Nevada Secretary of State on December 10, 2007.

24.    On or about January 25, 2008, Mr. Newman of Signature Landscaping informed Powell, through his TICO email account, that it had secured financing for the construction project and was ready to move forward with construction.

25.    Powell resigned from TICO on January 25, 2008, and informed TICO that he was becoming a full partner at Genseven. Upon information and belief, Powell coordinated his resignation from TICO to coincide with Signature Landscaping's decision to move forward with its construction project.

26.    At the time of Powell's resignation, TICO was not aware of the true status of the Signature Landscaping construction project, including, but not limited to, the time line for the submission and acceptance of bids.

27.    On February 22, 2008, TICO sent a letter via U.S. mail to Powell demanding that Powell comply with his ongoing obligations regarding the confidentiality of TICO's trade secret information under the Agreement. On the same date, TICO sent a letter via U.S. mail to Genseven regarding Powell's duties

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

5

under the Agreement regarding TICO's confidential trade secret information.

28.     TICO contacted Signature Landscaping in March and April, 2008 regarding the status of the construction project, and submitted a bid for the construction project on April 4, 2008.

29.     Upon information and belief, Powell and Genseven submitted a bid to Signature Landscaping between January and April, 2008 for the construction project.

30.     Signature Landscaping made public on or before April 4, 2008 that the construction project had been awarded to Powell and Genseven.

## FIRST CLAIM FOR RELIEF
### (Injunctive Relief Against All Defendants)

31.     TICO realleges and incorporates paragraphs 1 through 30 as if set forth fully herein.

32.     The Agreement executed by Powell for his employment at TICO expressly provided: that Powell agreed to "treat as confidential all data and information furnished by TICO or its agents or representatives as confidential and proprietary," and that he would not "divulge such information to third parties without the prior written consent of TICO."

33.     Powell, during the course of his employment as the Senior Project Manager at TICO, developed and was provided with confidential and proprietary trade secret information regarding TICO's business practices, management, finances, employees, contract negotiations, bids and contract proposals.

34.     Powell, during the course of his employment as the Senior Project Manager at TICO, was provided with and generated confidential and proprietary information regarding TICO's bid for the construction project for Signature Landscaping.

35.     Upon information and belief, Powell formed Genseven and became a member, manager and/or employee of Genseven, for the purpose of competing with TICO.

////

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505

6

36.     Upon information and belief, Powell resigned from TICO on January 25, 2008 in order to coincide with Signature Landscaping's announcement that it obtained funding for the project and wanted to move forward on with construction, and to direct his full attention to negotiating the contract for his and/or Genseven's financial benefit.

37.     Upon information and belief, Powell disclosed to Genseven and/or used TICO's confidential and proprietary information, without TICO's consent, regarding the status of the Signature Landscaping project, and TICO's proposal and bid on the Signature Landscaping project, so as to ensure that Genseven would be able to receive the construction contract.

38.     Upon information and belief, Powell withheld from TICO information regarding the status of the Signature Landscaping construction project in order to prevent TICO from knowing that Signature Landscaping would be ready to proceed in late January 2008, and to prevent TICO from submitting a bid.

39.     Through his actions, Powell has breached the Agreement by disclosing and/or using TICO's confidential and proprietary trade secret information.

40.     Upon information and belief, Genseven knowingly encouraged, induced and/or acted in concert with Powell to disclose and/or use TICO's confidential and proprietary trade secret information in violation of the Agreement.

41.     Genseven is now in possession of TICO's confidential and proprietary trade secret information, and is using that information for its own financial benefit.

42.     Upon information and belief, Powell and Genseven can continue to use TICO's trade secret information in their possession against TICO, in order to submit bids and proposals on other projects in the Reno market, to under bid TICO, and deprive TICO of the ability to conduct its business in a meaningful and productive manner.

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

7

43.    TICO has fully performed all obligations pursuant to the terms and conditions of the Agreement.

44.    TICO will suffer immediate and irreparable harm to its business as a result of the continued disclosure and/or use of its confidential and proprietary trade secret information by Powell and Genseven, and is entitled to injunctive relief to enjoin Powell and Genseven from disclosing and/or using TICO's confidential and proprietary trade secret information.

45.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Against All Defendants)

46.    TICO realleges and incorporates paragraphs 1 through 45 as if set forth fully herein.

47.    Powell, during the course of his employment as the Senior Project Manager at TICO, developed and was provided with confidential and proprietary trade secret information regarding TICO's business practices, management, finances, employees, contract negotiations, bids and contract proposals..

48.    Powell, during the course of his employment as the Senior Project Manager at TICO, developed and was provided confidential and proprietary information regarding TICO's bid for the construction project for Signature Landscaping.

49.    Upon information and belief, prior to and upon resigning from his employment at TICO, Powell disclosed and/or used TICO confidential and proprietary trade secret information, including, but not limited to, information regarding the status of the Signature Landscaping project, and TICO's bid and proposal for the Signature Landscaping construction project, to assist Genseven to set up its business and to submit a bid and proposal to Signature Landscaping.

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

8

50.     Upon information and belief, Genseven encouraged, induced and/or acted in concert with Powell in the disclosure and use of TICO's confidential and proprietary trade secret information for its financial benefit.

51.     The actions taken by Powell and Genseven have resulted in an unfair economic advantage, and have deprived TICO of the ability to fairly compete in the construction business in the Reno market.

52.     The Defendants' actions were willful, oppressive, fraudulent and malicious.

53.     TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of the Defendants' conduct.

54.     As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

**THIRD CLAIM FOR RELIEF**
**(Intentional Interference with Prospective Economic Advantage Against All Defendants)**

55.     TICO realleges and incorporates paragraphs 1 through 54 as if set forth fully herein.

56.     Powell, in his position as Senior Project Manager at TICO, was aware of and participated in the contract negotiations between TICO and Signature Landscaping for the construction of Signature Landscaping's new office building.

57.     Powell and Genseven intended, through their intentional and willful disclosure and/or use of TICO confidential and proprietary trade secret information in order to obtain the Signature Landscaping construction contract, to interfere with the contract negotiations between Signature Landscaping and TICO, and to harm TICO's economic interests.

58.     The Defendants' actions were unlawful, improper and not privileged or justified.

59.     The Defendants' actions were willful, oppressive, fraudulent and malicious.

////

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

9

60.     TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of the Defendants' conduct.

61.     As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

**FOURTH CLAIM FOR RELIEF**
**(Misappropriation of Trade Secrets, N.R.S. 600A.010 *et seq.* Against All Defendants)**

62.     TICO realleges and incorporates paragraphs 1 through 61 as if set forth fully herein.

63.     In his position and in the performance of his duties as Senior Project Manager at TICO, Powell was in possession of confidential and proprietary trade secret information of TICO, including but not limited to, confidential and proprietary information regarding the construction bid and proposal submitted by TICO to Signature Landscaping.

64.     This confidential and proprietary trade secret information is extremely sensitive and highly valuable to Powell and Genseven, due to the fact that it can be used to gain a competitive advantage over TICO in the Reno construction market, in which both Defendants compete with TICO for construction projects.

65.     TICO took reasonable precautions under the circumstances to protect its confidential and proprietary trade secret information by incorporating a confidentiality clause in the Agreement executed by Powell.

66.     Upon information and belief, prior to and upon his departure from TICO, Powell used and/or disclosed TICO's confidential and proprietary trade secret information in his position and performance of his duties as a member and/or employee of Genseven, which information was used to obtain the construction contract for Signature Landscaping's new office building.

67.     TICO did not consent to the use and/or disclosure of its confidential and proprietary trade secret information by Powell or Genseven.

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2000

10

68.    Upon information and belief, Genseven encouraged, induced and/or acted in concert with Powell in the disclosure and/or use of TICO's confidential and proprietary trade secret information for its own financial benefit.

69.    The Defendants' use and/or disclosure of TICO's confidential and proprietary trade secret information constitutes misappropriation of trade secrets under the Nevada Uniform Trade Secrets Act, N.R.S. 600A.010 *et seq.*

70.    TICO is entitled to an award of attorney's fees, pursuant to N.R.S. 600A.010 *et seq.*

71.    The Defendants' actions were willful, oppressive, fraudulent and malicious.

72.    TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of the Defendants' conduct.

73.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment Against All Defendants)

74.    TICO realleges and incorporates paragraphs 1 through 73 as if set forth fully herein.

75.    In his position and in the performance of his duties as Senior Project Manager at TICO, Powell was in possession of confidential and proprietary trade secret information of TICO, including but not limited to, confidential and proprietary information regarding the construction bid and proposal submitted by TICO to Signature Landscaping.

76.    This confidential and proprietary trade secret information is extremely sensitive and highly valuable to Powell and Genseven, due to the fact that it can be used to gain a competitive advantage over TICO in the Reno construction market, in which both Defendants compete with TICO for construction projects.

/ / / /

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

11

77.    Upon information and belief, upon his departure from TICO, Powell used and/or disclosed TICO's confidential and proprietary trade secret information in his position and performance of his duties as a member and/or employee of Genseven, which information was used to obtain the construction contract for Signature Landscaping's new office building.

78.    Upon information and belief, Genseven encouraged, induced and/or acted in concert with Powell in the disclosure and/or use of TICO's confidential and proprietary trade secret information for its own financial benefit.

79.    By virtue of the Defendants' unauthorized disclosure, use and/or possession of TICO's confidential and proprietary trade secret information, the Defendants have been unduly enriched by their wrongful gains.

80.    The Defendants' actions were willful, oppressive, fraudulent and malicious.

81.    TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of the Defendants' conduct.

82.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract Against Powell)

83.    TICO realleges and incorporates paragraphs 1 through 82 as if set forth fully herein.

84.    TICO and Powell entered into a valid employment agreement, wherein Powell agreed he would not, directly or indirectly, engage in any other business or professional occupation for compensation or otherwise would conflict with his agreed upon duties, to "treat as confidential all data and information furnished by TICO or its agents or representatives as confidential and proprietary," and that he would not

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 900
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

12

"divulge such information to third parties without the prior written consent of TICO.

85.     TICO performed according to the terms of the agreement, by compensating and providing the benefits to Powell as per the terms and conditions of the Agreement.

86.     Powell failed to perform pursuant to the terms and conditions of the Agreement, and specifically, failed to refrain from engaging in business for compensation while employed by TICO, and disclosed and/or used confidential TICO information for his own personal financial benefit. Powell's actions constitute a breach thereof.

87.     Powell's actions were willful, oppressive, fraudulent and malicious.

88.     TICO has sustained damages in an amount in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of Powell's breach.

89.     As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## SEVENTH CLAIM FOR RELIEF
### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing Against Powell)

90.     TICO realleges and incorporates paragraphs 1 through 89 as if set forth fully herein.

91.     TICO and Powell entered into a valid employment agreement, wherein Powell agreed he would not, directly or indirectly, engage in any other business or professional occupation for compensation or otherwise would conflict with his agreed upon duties, to "treat as confidential all data and information furnished by TICO or its agents or representatives as confidential and proprietary," and that he would not "divulge such information to third parties without the prior written consent of TICO.

92.     The covenant of good faith and fair dealing is implied in every contract in Nevada.

////

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

13

93.    Powell owed TICO a duty of good faith to perform according to the terms of the Agreement.

94.    Powell failed to perform pursuant to the terms and conditions of the Agreement, and specifically, failed to refrain from engaging in business for compensation while employed by TICO, and disclosed and/or used confidential TICO information for his own personal financial benefit. Powell's actions constitute a breach thereof.

95.    TICO's justified expectations that Powell would perform pursuant to the terms of the Agreement were denied by Powell's actions.

96.    Powell's actions were willful, oppressive, fraudulent and malicious.

97.    TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of Powell's breach.

98.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## EIGHTH CLAIM FOR RELIEF
### (Tortious Breach of the Covenant of Good Faith and Fair Dealing Against Powell)

99.    TICO realleges and incorporates paragraphs 1 through 98 as if set forth fully herein.

100.    TICO and Powell entered into a valid employment agreement, wherein Powell agreed he would not, directly or indirectly, engage in any other business or professional occupation for compensation or otherwise would conflict with his agreed upon duties, to "treat as confidential all data and information furnished by TICO or its agents or representatives as confidential and proprietary," and that he would not "divulge such information to third parties without the prior written consent of TICO.

101.    The covenant of good faith and fair dealing is implied in every contract in Nevada.

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

102.    Powell, as an employee, owed TICO a duty of good faith to perform according to the terms of the Agreement.

103.    As the Senior Project Manager of TICO, Powell occupied an entrusted position.

104.    Powell's failure to perform his obligations under the Agreement constituted a breach of his duty of loyalty to TICO and operated to deprive TICO of the intended benefits of the Agreement.

105.    Powell's conduct was unreasonable, not in good faith and inconsistent with the purpose of the Agreement and TICO's justified expectations, which conduct constitutes a breach of the implied covenant of good faith and fair dealing.

106.    TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of Powell's breach.

107.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

### NINTH CLAIM FOR RELIEF
**(Breach of Fiduciary Duty Against Powell)**

108.    TICO realleges and incorporates paragraphs 1 through 107 as if set forth fully herein.

109.    Powell was an employee of TICO, and owed a fiduciary duty to TICO.

110.    Upon information and belief, Powell breached this duty to TICO, by soliciting potential TICO customers for the purpose of negotiating and executing construction contracts, and by acting in his own personal interests and to the detriment of his employer TICO.

111.    TICO has sustained damages in excess of Ten Thousand Dollars ($10,000.00) as the proximate result of Powell's breach.

////

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505
(775) 786-2366

15

112.    As a result of the Defendants' conduct, it has been necessary for TICO to engage the legal services of the law firm of Guild, Russell, Gallagher & Fuller, Ltd. to prosecute this action and it is entitled to a reasonable attorney's fee in relation thereto.

## PRAYER

WHEREFORE, TICO hereby prays for judgment against Powell and Genseven as follows:

1.    As to the First Claim for Relief, injunctive relief enjoining Powell and Genseven from disclosing and/or using the confidential and proprietary trade secret information of TICO;

2.    As to the Second Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

3.    As to the Third Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

4.    As to the Fourth Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

5.    As to the Fifth Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

6.    As to the Sixth Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

7.    As to the Seventh Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

8.    As to the Eighth Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

/ / / /

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
P. O. BOX 2838
RENO, NEVADA 89505

16

9.      As to the Ninth Claim for Relief, judgment in an amount in excess of Ten Thousand Dollars ($10,000.00) to be determined at the time of trial;

10.     Attorney's fees pursuant to N.R.S. 600A.010 *et seq.*;

11.     Punitive and exemplary damages to be determined at the time of trial;

12.     Interest on all outstanding sums;

13.     For its costs of suit and reasonable attorneys' fees; and

14.     For such other and further relief as the Court deems just and proper.

### AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 9th day of May, 2008.

GUILD, RUSSELL, GALLAGHER
& FULLER, LTD.

By _____
JOHN K. GALLAGHER, Esq.
Nevada Bar No. 000956
BRIAN J. SAEMAN, Esq.
Nevada Bar No. 007892
100 W. Liberty St., Ste. 800
P.O. Box 2838
Reno, NV 89505
(775) 786-2366
Attorneys for Plaintiff TICO Construction
Company Inc.

GUILD, RUSSELL
GALLAGHER & FULLER
LIMITED
ATTORNEYS AT LAW
100 WEST LIBERTY STREET
SUITE 800
RENO, NEVADA 89505
(775) 786-2366

17

# EXHIBIT 2

# EXHIBIT 2

APN#_____

**Recording Requested by:**
Name: _Marion Hose_
Address: _201 W Liberty St Lower Level_
City/State/Zip: _Reno NV 89501_

**When Recorded Mail to:**
Name: _Marion Hose_
Address: _201 W. Liberty St Lower Level_
City/State/Zip: _Reno NV 89501_

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

DOC # 3926035
09/24/2010 01:36:32 PM
Requested By
MARION HOSE
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $22.00 RPTT: $0.00
Page 1 of 9

( for Recorder's use only )

_Judgment on Arbitrator's Award_
**( Title of Document )**

**Please complete Affirmation Statement below:**

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

**-OR-**

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law:_____
          (State specific law)

_____
**Signature**                              **Title**

_____
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)



CV08-01202
TICO CONST CO vs
District Court
Washoe County

CODE 1880
PAUL A. KAPITZ, ESQ.
Nevada State Bar No. 5386
137 Mt. Rose Street
Reno, Nevada 89509
(775) 329-1888

Attorney for Plaintiff



F I L E D

JUL 23 2010

HOWARD W. CONYERS, CLERK
BY
DEPUTY CLERK

**Paul A. Kapitz**
**Attorney at Law, PC**
**137 Mt. Rose Street, Reno, Nevada 89509**
**(775) 329-1888 FAX (775) 329-1876**

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

* * *

TICO CONSTRUCTION COMPANY, INC.,
a Nevada corporation,

        Plaintiff,

vs.

JASON POWELL,

        Defendant.
_____/

CASE NO.    CV08-01202

DEPT. NO.    B6

### JUDGMENT ON ARBITRATOR'S AWARD

WHEREAS, on July 21, 2008, this Honorable Court entered its Order

Granting Jason Powell's Motion to Compel Arbitration; and

WHEREAS, the above matter came on for hearing before the Arbitrator,

Robert F. Enzenberger, Esq., on Monday, June 21, 2010; and

WHEREAS, on June 21, 2010, Robert F. Enzenberger, Esq. issued an

Arbitrator's Award, a copy of which is attached hereto as Exhibit "1"; and

WHEREAS, Robert F. Enzenberger, Esq. found in favor of Plaintiff TICO

Construction Company, Inc. and against Defendant Jason Powell and assessed and

awarded damages in the amount of Two Hundred Fifteen Thousand One Hundred

Forty Nine and 86/100 Dollars ($215,149.86), plus reasonable attorneys' fees and

costs incurred in connection with this arbitration proceeding.



THEREFORE, IT IS ORDERED AND ADJUDGED that Plaintiff TICO Construction Company, Inc. recover from Defendant Jason Powell the sum of Two Hundred Fifteen Thousand One Hundred Forty Nine and 86/100 Dollars ($215,149.86), costs of action in the amount of $480.00, with interest thereon on all sums at the rate of 5.25% percent as provided by law.

DATED this ___ day of _____, 2010.

_____
DISTRICT COURT JUDGE

Paul A. Kapitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876

# INDEX OF EXHIBITS

1.   ARBITRATOR'S AWARD

Paul A. Kappitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada



EXHIBIT "1"

EXHIBIT "1"

Paul A. Kapitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876

ROBERT F. ENZENBERGER, ESQ.
Nevada Bar No. 2701
1885 South Arlington Avenue, Suite 205
Reno, Nevada 89509
(775) 786-7000
Arbitrator

IN THE ARBITRATION MATTER OF:

* * *

TICO CONSTRUCTION COMPANY,
INC., a Nevada corporation,

        Plaintiff,

    vs.

JASON POWELL, an individual,

        Defendant.

_____/

## ARBITRATOR'S AWARD

    The above matter came on for hearing before the undersigned Arbitrator at 9:30 a.m. on Monday, June 21, 2010. Appearing at the arbitration hearing on behalf of TICO Construction Company, Inc., were Alexander Hose, its President, and witness Marion Hose. Jason Powell did not appear at the arbitration hearing.[1] Offered and admitted in evidence were Exhibits 1 through 8, inclusive. Testifying at the arbitration hearing were Alexander Hose, President of TICO Construction Company, Inc., and Marion Hose, the wife of Alexander Hose. After giving due

///

---

[1] The undersigned arbitrator provided notice of the hearing to both parties by email and US mail on May 18, 2010. Thereafter, an arbitration statement was received on behalf of TICO Construction Company, Inc., but no arbitration statement was received on behalf of Mr. Powell. Further, Marion Hose certified that she mailed a copy of TICO's arbitration statement to Mr. Powell at multiple addresses, including 1201 Mark Twain Ave., Reno, Nevada 89509, which is the address undersigned arbitrator was provided for Mr. Powell. Mr. Powell did communicate by email with the undersigned arbitrator and TICO at 7:22 a.m. the morning of the arbitration hearing providing various information, including that Mr. Powell had been out-of-town looking for work and had not checked his mail in a week. Given prior notice to the parties of the arbitration hearing, the undersigned Arbitrator decided to move forward with the hearing pursuant to NRS 38.231(3).

1

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada

consideration to all evidence, the undersigned Arbitrator makes the following award:

Based upon the evidence presented at the arbitration hearing concerning the cause of action for breach of contract, the arbitrator finds in favor of TICO Construction Company, Inc., and against Jason Powell, and awards damages in the amount of $215,149.86 plus reasonable attorneys' fees and costs incurred in connection with this arbitration proceeding, pursuant to the employment contract entered into between the parties.

DATED this 21st day of June, 2010.



ENZENBERGER, HUGHS &
HERBOLSHEIMER
1885 South Arlington Avenue, Suite 205
Reno, Nevada 89509
Arbitrator

By _____
ROBERT F. ENZENBERGER

2

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of ENZENBERGER, HUGHS & HERBOLSHEIMER, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

XXXXX    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

addressed as follows:

Marion T. Hose                          Jason Powell
Alexander V. Hose                       1201 Mark Twain Ave.
TICO Construction                       Reno, Nevada 89509
201 Liberty Street, lower Level
Reno, Nevada 89501


_____    Personal delivery.

_____    Facsimile (FAX).

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:


DATED this 21st day of June, 2010.


                                        _____
                                        STACY CULBERT



CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: SEP 21 2010

HOWARD W. CONYERS, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy

# EXHIBIT 3

# EXHIBIT 3

APN# _____

**Recording Requested by:**
Name:  L. Edward Humphrey, Esq.
Address:  201 W. Liberty St. # 204
City/State/Zip:  Reno, Nevada 89501

**When Recorded Mail to:**
Name:  TICO Construction Company Inc.
Address:  241 Ridge Street # 150
City/State/Zip:  Reno, NV 89501

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

**DOC # 4611760**
07/20/2016 01:36:19 PM
Requested By
LOUIS E HUMPHREY III
Washoe County Recorder
Lawrence R. Burtness - Recorder
Fee:  $33.00 RPTT: $0.00
Page 1 of 17

( for Recorder's use only )

Affidavit of Renewal of Judgment
_____
**( Title of Document )**

**Please complete Affirmation Statement below:**

[X]  I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

**-OR-**

[ ]  I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____
(State specific law)

_____          Attorney for TICO Construction
**Signature**                                      **Title**

L. Edward Humphrey, Esq.
_____
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

FILED
Electronically
CV08-01202
2016-07-19 02:06:17 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 5615652 : yviloria

**CODE: 3783**
L. Edward Humphrey—NV Bar. 9066
**HUMPHREY LAW PLLC**
201 West Liberty Street, Suite 204
Reno, Nevada 89501
Tel:    775.420.3500
Fax:    855.485.6329
ehumphrey@hulolaw.com
*Attorney for TICO Construction*
*Company, Inc.*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WAHOE

TICO CONSTRUCTION COMPANY, INC., a
Nevada corporation,

         Plaintiff,

    vs.

JASON POWELL,

         Defendant.

CASE NO.:  CV08-01202

DEPT. NO.:  B6

## AFFIDAVIT OF RENEWAL OF JUDGMENT
## PURSUANT TO NRS § 17.214

STATE OF NEVADA    )
                ) ss
COUNTY OF WASHOE    )

    Plaintiff, TICO Construction Company, Inc., by and through Alexander V. Hose, its

President and authorized representative, pursuant to N.R.S. § 17.214, being first duly sworn,

submits this *Affidavit of Renewal of Judgment* ("Affidavit") in the above captioned matter.

    I, Alexander V. Hose, being first duly sworn, declare based on my personal

knowledge:

1

1.     I am the President of Plaintiff TICO Construction Company, Inc., and I make this Affidavit based upon my own personal knowledge. If called to testify to the contents of this Affidavit, I could and would competently do so under oath.

2.     The current judgment creditor in this matter is the Plaintiff, TICO Construction Company, Inc. ("Judgment Creditor"). The current judgment debtor in this matter is Defendant JASON POWELL ("Judgment Debtor").

3.     A *Judgment on Arbitrator's Award* ("Judgment") favor of Judgment Creditor and against Judgment Debtor was entered by this Court on July 23, 2010.[1] A true and correct copy of the recorded Judgment is attached hereto as **Exhibit 1.**

4.     Attached as Exhibit 1 to the Judgment was the *Arbitrator's Award*, dated June 21, 2010 (the "Arbitrator's Award").

5.     A certified copy of the Judgment, attaching the Arbitrator's Award, was recorded with the Washoe County Recorder's Office on September 24, 2010, as Document No. 3926035. *See* **Exhibit 1**.

6.     The Judgment entered by this Court in favor of Judgement Creditor and against Judgment Debtor was in the amount of $215,149.86 in principal and $480.00 in costs, for a total of $215,629.86, plus post-judgment interest at the statutory rate as provided by law until the Judgment is paid in full.

7.     There are no writs of execution for enforcement of the Judgment currently outstanding.

8.     There are no setoffs or counterclaims in favor of the Judgment Debtor.

---

[1] Although N.R.S. § 17.214 (1)(a)(3) requires that judgment creditors recite "the number and page of the docket in which [the Judgment] is entered," the Second Judicial District Court of Nevada has ceased the use of a formal Judgment Docket Report and does not assign numbers or pages to judgments when entered. The Second Judicial District Court utilizes a computerized document depository which provides for and references the judgment by case number. Thus, while Plaintiff/judgment creditors has verified that the judgment in question is contained within the computerized document depository, no judgment "number and page of the docket" can be provided.

2

9.    There have been no payments made on the Judgment against Judgment Debtor as of the date of the filing of this Affidavit.

10.    The amount owed by Judgement Debtor on the Judgment as of July 11, 2016, is $269,507.22, consisting of principal in the amount of $215,149.86, costs in the amount of $480.00, and accrued post-judgment interest at the statutory rate from the date of the Judgment (July 23, 2010) to July 11, 2016 in the amount of $67, 613.25, **for a TOTAL AND EXACT AMOUNT DUE, as of July 11, 2016 of $283,243.11.**

11.    Interest will continue to accrue at the statutory rate until the Judgment is paid in full.

12.    The Judgment is not a foreign judgment from another court.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

**AFFIRMATION**

The undersigned does hereby affirm pursuant to NRS 239B.030 that this document does not contain the social security of any person.

DATED this ___ day of July, 2016.

By: _____
    Alexander V. Hose, President
    TICO Construction Company, Inc.

SUBSCRIBED and SWORN to
before me, by Alexander V. Hose,
this ___ day of July 20186.

_____
Notary Public in and for said County and State

> LESLIE J. JAMISON
> Notary Public - State of Nevada
> Appointment Recorded in Washoe County
> No: 05-95917-2 - Expires June 26, 2017

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that service of **AFFIDAVIT OF RENEWAL OF JUDGMENT** was made this date by depositing a copy for mailing, via Certified Mailing, postage prepaid, in Reno, Nevada, to the following:

Jason Powell
1201 Mark Twain Ave.
Reno, Nevada 89509

Jason Powell
339 Winter Park Court
Reno, Nevada 89511

Jason Powell
1721 Saturno Heights Drive
Reno, Nevada 89523

Jason Powell
922 W. Sullivan Ave.
Ridgecrest, CA 93555

Jason Powell
561 Keystone Ave., # 128
Reno, Nevada 89503

Jason Powell
11209 Brockway Rd., STE 102
Truckee, CA 96161

Jason Powell
10041 Church Street #1
Truckee, CA 96161

DATED this ____ day of July, 2016.

_____
An Employee of Humphrey Law PLLC

**INDEX OF EXHIBITS**

*TICO Construction, Inc. v. Powell*

(Case No. CV08-01202, Dept. B6)

| Exhibit | Description | Pages (incl. Cover Page) |
|---|---|---|
| 1 | Copy of Recorded Judgment | 10 |

5

F I L E D
Electronically
CV08-01202
2016-07-19 02:06:17 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 5615652 : yviloria

# EXHIBIT "1"

# EXHIBIT "1"

APN# _____

**Recording Requested by:**
Name: _Marion Hose_
Address: _201 W Liberty St Lower Level_
City/State/Zip: _Reno NV 89501_

**When Recorded Mail to:**
Name: _Marion Hose_
Address: _201 W Liberty St Lower Level_
City/State/Zip: _Reno NV 89501_

**Mail Tax Statement to:**
Name: _____
Address: _____
City/State/Zip: _____

**DOC # 3926035**
09/24/2010 01:36:32 PM
Requested By
MARION HOSE
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $22.00 RPTT: $0.00
Page 1 of 9

( for Recorder's use only )

_Judgment on Arbitrator's Award_
**( Title of Document )**

**Please complete Affirmation Statement below:**

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the personal information of any person or persons. (Per NRS 239B.030)

-OR-

☐ I the undersigned hereby affirm that the attached document, including any exhibits, hereby submitted for recording does contain the personal information of a person or persons as required by law: _____
(State specific law)

_____          _____
**Signature**                              **Title**

_____
**Printed Name**

This page added to provide additional information required by NRS 111.312 Sections 1-2 and NRS 239B.030 Section 4.

This cover page must be typed or printed in black ink.          (Additional recording fee applies)

1  CODE 1880
    PAUL A. KAPITZ, ESQ.

2  Nevada State Bar No. 5386
    137 Mt. Rose Street

3  Reno, Nevada 89509
    (775) 329-1888

4  Attorney for Plaintiff

5

F I L E D

JUL 2 3 2010

HOWARD W. CONYERS, CLERK
BY _____
DEPUTY CLERK

6    IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7            IN AND FOR THE COUNTY OF WASHOE

                         * * *

8  TICO CONSTRUCTION COMPANY, INC.,

9  a Nevada corporation,

10          Plaintiff,

11  vs.

    CASE NO.  CV08-01202

    DEPT. NO.  B6

12  JASON POWELL,

13

14         Defendant.

15         __JUDGMENT ON ARBITRATOR'S AWARD__

16        WHEREAS, on July 21, 2008, this Honorable Court entered its Order

17  Granting Jason Powell's Motion to Compel Arbitration; and

18        WHEREAS, the above matter came on for hearing before the Arbitrator,

19  Robert F. Enzenberger, Esq., on Monday, June 21, 2010; and

20        WHEREAS, on June 21, 2010, Robert F. Enzenberger, Esq. issued an

21  Arbitrator's Award, a copy of which is attached hereto as Exhibit "1"; and

22        WHEREAS, Robert F. Enzenberger, Esq. found in favor of Plaintiff TICO

23  Construction Company, Inc. and against Defendant Jason Powell and assessed and

24

25  awarded damages in the amount of Two Hundred Fifteen Thousand One Hundred

26  Forty Nine and 86/100 Dollars ($215,149.86), plus reasonable attorneys' fees and

27  costs incurred in connection with this arbitration proceeding.

28

*Paul A. Kapitz*
*Attorney at Law, PC*
*137 Mt. Rose Street, Reno, Nevada 89509*
*(775) 329-1888 FAX (775) 329-1876*

THEREFORE, IT IS ORDERED AND ADJUDGED that Plaintiff TICO

Construction Company, Inc. recover from Defendant Jason Powell the sum of Two

Hundred Fifteen Thousand One Hundred Forty Nine and 86/100 Dollars

($215,149.86), costs of action in the amount of $480.00, with interest thereon on

all sums at the rate of 5.25% percent as provided by law.

DATED this ___ day of _____, 2010.

_____
DISTRICT COURT JUDGE

Paul A. Kapitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876



# INDEX OF EXHIBITS

1. ARBITRATOR'S AWARD

Paul A. Kapitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada



EXHIBIT "1"

EXHIBIT "1"

Paul A. Kapitz
Attorney at Law, PC
137 Mt. Rose Street, Reno, Nevada 89509
(775) 329-1888 FAX (775) 329-1876

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada

1     ROBERT F. ENZENBERGER, ESQ.
      Nevada Bar No. 2701
2     1885 South Arlington Avenue, Suite 205
      Reno, Nevada 89509
3     (775) 786-7000
4     Arbitrator

5

6                 IN THE ARBITRATION MATTER OF:

7                       * * *

8

9     TICO CONSTRUCTION COMPANY,
      INC., a Nevada corporation,
10
             Plaintiff,
11
12          vs.

13     JASON POWELL, an individual,

14             Defendant.

15

16                  **ARBITRATOR'S AWARD**

        The above matter came on for hearing before the undersigned Arbitrator at 9:30 a.m. on
17
Monday, June 21, 2010.  Appearing at the arbitration hearing on behalf of TICO Construction
18
Company, Inc., were Alexander Hose, its President, and witness Marion Hose. Jason Powell did
19
not appear at the arbitration hearing.[1] Offered and admitted in evidence were Exhibits 1 through
20
8, inclusive.  Testifying at the arbitration hearing were Alexander Hose, President of TICO
21
Construction Company, Inc., and Marion Hose, the wife of Alexander Hose.  After giving due
22
///
23

24    [1] The undersigned arbitrator provided notice of the hearing to both parties by email
      and US mail on May 18, 2010.  Thereafter, an arbitration statement was received on behalf
25    of TICO Construction Company, Inc., but no arbitration statement was received on behalf of
      Mr. Powell.  Further, Marion Hose certified that she mailed a copy of TICO's arbitration
26    statement to Mr. Powell at multiple addresses, including 1201 Mark Twain Ave., Reno,
      Nevada 89509, which is the address undersigned arbitrator was provided for Mr. Powell.  Mr.
27    Powell did communicate by email with the undersigned arbitrator and TICO at 7:22 a.m. the
      morning of the arbitration hearing providing various information, including that Mr. Powell
28    had been out-of-town looking for work and had not checked his mail in a week.  Given prior
      notice to the parties of the arbitration hearing, the undersigned Arbitrator decided to move
      forward with the hearing pursuant to NRS 38.231(3).

                             1

1 consideration to all evidence, the undersigned Arbitrator makes the following award:

2    Based upon the evidence presented at the arbitration hearing concerning the cause of

3 action for breach of contract, the arbitrator finds in favor of TICO Construction Company, Inc.,

4 and against Jason Powell, and awards damages in the amount of $215,149.86 plus reasonable

5 attorneys' fees and costs incurred in connection with this arbitration proceeding, pursuant to the

6 employment contract entered into between the parties.

7

8    DATED this 21st day of June, 2010.

9                           ENZENBERGER, HUGHS &
                            HERBOLSHEIMER
10                          1885 South Arlington Avenue, Suite 205
                            Reno, Nevada 89509
11                          Arbitrator

12                          By
13                          ROBERT F. ENZENBERGER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to NRCP 5(b), I certify that I am an employee of ENZENBERGER, HUGHS & HERBOLSHEIMER, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

<u>XXXXX</u>   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

addressed as follows:

Marion T. Hose                       Jason Powell
Alexander V. Hose                1201 Mark Twain Ave.
TICO Construction               Reno, Nevada 89509
201 Liberty Street, lower Level
Reno, Nevada 89501

_____   Personal delivery.

_____   Facsimile (FAX).

_____   Federal Express or other overnight delivery.

_____   Reno/Carson Messenger Service.

addressed as follows:

DATED this 21st day of June, 2010.

STACY GULBERT

3926035 Page 9 of 9 – 09/24/2010 01:36:32 PM



CERTIFIED COPY

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: SEP 2 1 2010

HOWARD W. CONYERS, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy