

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
January 14, 2022

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | ) CASE NO. BK-21-50147-NMC |
| | ) Chapter 13 |
| JASON PHILIP POWELL, | ) |
| | ) |
| Debtor. | ) Hearing Date: November 2, 2021 |
| | ) Hearing Time: 2:00 p.m. |
| | ) |

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL
OF CHAPTER 13 CASE PURSUANT TO 11 U.S.C. § 1307(b)**

On November 2, 2021, the Court heard the *Motion for Voluntary Dismissal of Chapter 13 Case* ("Debtor's Motion") filed on September 2, 2021, by debtor Jason Philip Powell (hereinafter "Debtor"). The Court also considered the *Opposition to Motion for Voluntary Dismissal and Motion to Convert Case to Chapter 7 or 11 and for Sanctions* (hereinafter "Countermotion") filed on September 23, 2021, by TICO Construction Company, Inc. (hereinafter "TICO"). Appearances by the parties were noted on the record. After arguments were presented, the Court made its ruling from the bench granting the Debtor's Motion and denying the Countermotion.

///

///

///

///

///

1

# RELEVANT BACKGROUND[1]

On March 1, 2021, Debtor filed his voluntary Petition for Chapter 13 relief through his counsel, Michael G. Millward, Esq. (hereinafter "Attorney Millward"). (ECF No. 1).

On March 15, 2021, Debtor filed his initial *Chapter 13 Plan*. (ECF No. 12). Debtor filed his *Statement of Current Monthly Income and Calculation of Commitment Period*. (ECF No. 13). Debtor also filed his schedules of assets and liabilities, and his statement of financial affairs. (ECF No. 14).

On May 13, 2021, Debtor filed his Amended Schedules, his opposition to the *Trustee's Motion to Dismiss*. (ECF 53, 56, 57).

On September 2, 2021, Debtor filed his *Motion for Voluntary Dismissal* seeking dismissal pursuant to 11 U.S.C. § 1307(b), and citing *In Re Nichols*, Case No. 20-60043, decided by the Ninth Circuit Court of Appeals on September 1, 2021. (ECF 94).

On September 24, 2021, TICO filed its *Opposition to Motion for Voluntary Dismissal and Motion to Convert Case to Chapter 7 or Chapter 11 and for Sanctions*. (ECF 97).

On October 25, 2021, Debtor filed his *Reply to Opposition to Motion for Voluntary Dismissal and Opposition to Motion to Convert Case to Chapter 7 or 11 and for Sanctions*. (ECF 109).

On October 26, 2021, Melissa Hooven, Jason Powell's ex-wife, filed her *Response to Opposition to Motion for Voluntary Dismissal and Motion to Convert Case to Chapter 7 or Chapter 11 and for Sanctions.* (ECF 111).

On October 29, 2021, TICO filed its *Omnibus Reply in Support of Opposition to Motion for Voluntary Dismissal and Motion to Convert Case to Chapter 7 or 11 and for Sanctions.* (ECF 114).

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in Case no. 21.-50147 as they appear on the docket. All references to "AECF No." are to the number assigned to the documents filed in Adversarial Case No. 21-05058 as they appear on the docket. All references to "CR No." are to the claim number of the Claims Register. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532..

On October 29, 2021, Debtor filed his *Amended Reply to Opposition to Motion for Voluntary Dismissal and Opposition to Motion to Convert Case to Chapter 7 or 11 and for Sanctions*. (ECF 115).

## DISCUSSION

The Debtor argues in support of his Motion that he is entitled to dismissal pursuant to 11 U.S.C. § 1307(b) and the recent decision in *Nichols v. Marana Stockyard & Livestock Mkt., Inc., et al,* (In re Nichols), No. 20-60043 (9th Cir., 2021). (ECF 94, Ex.1).

TICO Opposes the Debtor's Motion on the ground that the Debtor is not entitled to voluntary dismissal under Section 1307(b) because TICO alleges that the Debtor does not qualify as a Chapter 13 Debtor pursuant to 11 U.S.C. § 109(e).

In support of TICO's countermotion for conversion and sanctions, TICO argues that conversion rather than dismissal is appropriate based upon its allegations that the Debtor has engaged in bad faith conduct. (ECF 97, p.16).

After consideration of the evidence and argument presented, this Court finds that it is bound by the precedent set by the Ninth Circuit Court of Appeals' decision in *Nichols v. Marana Stockyard & Livestock Mkt., Inc., et al.,* (In re Nichols) No. 20-60043, (9th Cir. Sept. 1, 2021), holding that Section "1307(b)'s text confers upon the debtor an absolute right to dismiss a Chapter 13 bankruptcy case, subject to the single exception noted expressly in the statute itself." *Id.* (ECF 94 Ex. 1, pp.5,16). Therefore, the Court concludes that the Debtor in this matter has an absolute right to voluntarily dismiss his Chapter 13 bankruptcy case.

The Court further declines TICO's request for an award of attorney's fees and sanctions.

IT IS THERFORE ORDERED that the Debtor's Voluntary Motion to Dismiss brought by Debtor Jason Powell, be and the same hereby is, **GRANTED**.

IT IS FURTHER ORDERED that the Motion to Convert Case to Chapter 7 or 11 and for Sanctions brought by TICO Construction Company, Inc., as a countermotion, is **DENIED**.

THE COURT FURTHER ORDERS as follows:

1. That the above captioned case is dismissed pursuant to 11 U.S.C. § 1307(b);
2. That the adversarial action filed in case No. 21-05058 is dismissed; and

3

3. That all pending hearings, conferences and other matters scheduled in or in connection with the above-captioned proceeding, and in adversarial case no. 21-05058 are **VACATED** from the calendar.

### # # #

Prepared and submitted by:

**HUMPHREY LAW PLLC**

/s/  *L. Edward Humphrey*
L. Edward Humphrey, Esq., NSB 9066
Patrick O'Rourke, Esq., NSB 13557
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
Tel: (775) 420-3500
Attorneys for TICO Construction Company Inc

LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

_____    The court has waived the requirement set forth in LR 9021(b)(1).

_____    No party appeared at the hearing or filed an objection to the motion.

  X    On January 5, 2022, I delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

|  |  on 1/6/2022 |
|---|---|
| ☐ Approved / ☐ Disapproved: | ☒ Approved / ☐ Disapproved |
| NO RESPONSE | by: /s/ *Elizabeth Fletcher* |
| Michael G. Millward, Esq., NSB 11212 | Elizabeth Fletcher, Esq., NSB 10082 |
| MILLWARD LAW, LTD. | Cecilia Lee, Esq., NSB 3344 |
| 1591 Mono Avenue | FLETCHER & LEE |
| Minden, NV 89423 | 448 Ridge Street |
| (775) 600-2776 | Reno, Nevada 89501 |
| Attorney for Debtor | Tel: (775) 324-1011 |
| . | Attorneys for Creditor and Interested Party Melissa Hooven. |

_____    I certify this is a case under Chapter or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

DATED:  January 12, 2022.

**HUMPHREY LAW PLLC**

/s/ *L. Edward Humphrey*
L. Edward Humphrey, Esq.